IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ANALYTICAL TECHNOLOGIES, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>RESTAURANT BRANDS INTERNATIONAL, INC.,<br><br>  Defendant. | CASE NO. 2:23-CV-00288-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**RESTAURANT BRANDS INTERNATIONAL, INC.'S ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
TO PLAINTIFF'S COMPLAINT**

Restaurant Brands International, Inc. ("Defendant" or "RBI") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Analytical Technologies, LLC's ("Plaintiff" or "AT") Complaint filed on June 20, 2023 (Dkt. No. 1) ("Complaint"). RBI denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

**NATURE OF ACTION**

1. RBI admits that the Complaint purports to set forth an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*. RBI denies it has committed and/or is committing acts of infringement in the U.S., within the State of Texas, or in this District and, on that basis, denies the remaining allegations of Paragraph 1 of the Complaint.

1

## PARTIES

2.     RBI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3.     RBI admits that it is incorporated under the laws of Canada, that it has a principal place of business at 130 King Street West, Suite 300, Toronto, Ontario, Canada, and that, through its various subsidiaries, it does business in the Eastern District of Texas. RBI denies it has committed and/or is committing acts of infringement in the U.S., within the State of Texas, or in this District and, on that basis, denies the remaining allegations of Paragraph 3 of the Complaint.

## JURISDICTION

4.     RBI admits this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of a patent, but RBI denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. RBI denies any remaining allegations in Paragraph 4 of the Complaint.

5.     RBI does not contest whether personal jurisdiction over it properly lies in this District in this action, or that it conducts business in the State of Texas. RBI denies it has committed and/or is committing acts of infringement in the U.S., within the State of Texas, or in this District and, on that basis, denies the remaining allegations of Paragraph 5 of the Complaint.

6.     RBI denies the allegations in Paragraph 6 of the Complaint.

7.     RBI admits that it maintains a corporate presence in the United States and that its U.S. based subsidiaries include Tim Hortons USA Inc., Popeyes Louisiana Kitchen, Inc., Firehouse of America, LLC, and Burger King Company LLC. RBI admits that it maintains a corporate office at 5707 Blue Lagoon Drive, Miami, Florida. RBI denies it has committed and/or

is committing acts of infringement in the U.S., within the State of Texas, or in this District and, on that basis, denies the remaining allegations of Paragraph 7 of the Complaint.

8. RBI denies the allegations in Paragraph 8 of the Complaint.

9. RBI admits that it owns the rights to the Restaurant Brands International trademarks, has registered these marks for business management and consultation services for restaurants. RBI is without knowledge as to the truth of any remaining allegations in Paragraph 9 of the Complaint, and on this basis, denies them.

10. RBI admits that certain of RBI's various subsidiaries as well as franchisees of such subsidiaries own, maintain, and operate restaurants throughout the United States, including in Texas and in this District. RBI denies it has committed and/or is committing acts of infringement in the U.S., within the State of Texas, or in this District and, on that basis, denies the remaining allegations of Paragraph 10 of the Complaint.

11. RBI denies the allegations in Paragraph 11 of the Complaint.

**VENUE**

12. RBI does not contest that venue may be proper in this District in this action. RBI denies it has committed and/or is committing acts of infringement in the U.S., within the State of Texas, or in this District and, on that basis, denies the remaining allegations of Paragraph 12 of the Complaint.

**THE PATENT IN SUIT**

13. RBI admits that a purported copy of U.S. Patent No. 8,799,083 (the "'083 Patent") is attached to the Complaint as Exhibit 1, and that the face of the purported '083 Patent indicates that it is entitled "System and Method for Managing Restaurant Customer Data Elements." RBI denies that the face of the patent indicates that it was issued on August 5, 2015, but admits that it

indicates that the '083 Patent issued on August 5, 2014. RBI denies any remaining allegations in Paragraph 13 of the Complaint.

14. RBI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, on that basis, denies them.

15. RBI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, on that basis, denies them.

16. RBI denies the allegations in Paragraph 16 of the Complaint.

### Overview of the Technology

17. The '083 Patent speaks for itself, but RBI denies any characterizations inconsistent therewith. RBI denies any remaining allegations in Paragraph 17 of the Complaint.

18. RBI admits that the '083 Patent speaks for itself, but RBI denies any characterizations inconsistent therewith. RBI is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 18 of the Complaint, and on that basis, denies them.

19. RBI denies the allegations in Paragraph 19 of the Complaint.

20. RBI admits the '083 Patent speaks for itself, but RBI denies any characterizations inconsistent therewith. RBI is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 20 of the Complaint, and on that basis, denies them.

### The [Allegedly] Patented Invention

21. The '083 Patent speaks for itself, but RBI denies any characterizations inconsistent therewith. RBI denies any remaining allegations in Paragraph 21 of the Complaint.

22. The '083 Patent speaks for itself, but RBI denies any characterizations inconsistent therewith. RBI denies any remaining allegations in Paragraph 22 of the Complaint.

23. The '083 Patent speaks for itself, but RBI denies any characterizations inconsistent therewith. RBI denies any remaining allegations in Paragraph 23 of the Complaint.

24. The '083 Patent speaks for itself, but RBI denies any characterizations inconsistent therewith. RBI denies any remaining allegations in Paragraph 24 of the Complaint.

25. The '083 Patent speaks for itself, but RBI denies any characterizations inconsistent therewith. RBI denies any remaining allegations in Paragraph 25 of the Complaint.

26. The '083 Patent speaks for itself, but RBI denies any characterizations inconsistent therewith. RBI denies any remaining allegations in Paragraph 26 of the Complaint.

27. The '083 Patent speaks for itself, but RBI denies any characterizations inconsistent therewith. RBI denies any remaining allegations in Paragraph 27 of the Complaint.

28. The '083 Patent speaks for itself, but RBI denies any characterizations inconsistent therewith. RBI denies any remaining allegations in Paragraph 28 of the Complaint.

**The Claims are [Allegedly] Directed to Patentable Subject Matter**

29. The '083 Patent speaks for itself, but RBI denies any characterizations inconsistent therewith. RBI denies any remaining allegations in Paragraph 29 of the Complaint.

**The Claims are [Allegedly] Directed to Solving an Existing Problem With Restaurant Ordering Systems**

30. RBI denies the allegations in Paragraph 30 of the Complaint.

31. RBI denies the allegations in Paragraph 31 of the Complaint.

**The Claims are [Allegedly] not Directed to an Abstract Idea or Law of Nature**

32. RBI denies the allegations in Paragraph 32 of the Complaint.

33. RBI denies the allegations in Paragraph 33 of the Complaint.

**The Claims [Allegedly] do not Preempt Their Field**

34. RBI denies the allegations in Paragraph 34 of the Complaint.

35. RBI denies the allegations in Paragraph 35 of the Complaint.

**The Claimed Method [Allegedly] Could not be Performed Mentally or by Hand**

36. RBI denies the allegations in Paragraph 36 of the Complaint.

## DEFENDANT'S SYSTEM AND SERVICES

37. RBI admits that, through its various subsidiaries, it owns the TIM HORTONS® brand, the BURGER KING® brand, the POPEYES® brand, and the FIREHOUSE SUBS® brand. RBI denies it has committed and/or is committing acts of infringement in the U.S., within the State of Texas, or in this District and, on that basis, denies the remaining allegations of Paragraph 39 of the Complaint.

38. RBI admits that each restaurant identified in Paragraph 37 offers a mobile app through which customers can use their mobile phones to place and pay for orders. RBI denies it has committed and/or is committing acts of infringement in the U.S., within the State of Texas, or in this District and, on that basis, denies the remaining allegations of Paragraph 38 of the Complaint.

39. RBI admits that each restaurant identified in Paragraph 37 offers a mobile app through which customers can place orders. RBI denies it has committed and/or is committing acts of infringement in the U.S., within the State of Texas, or in this District and, on that basis, denies the remaining allegations of Paragraph 39 of the Complaint.

40. RBI denies the allegations in Paragraph 40 of the Complaint.

**FIRST CAUSE OF ACTION**
**([Alleged] Direct Infringement of the '083 Patent)**

41. RBI incorporates paragraphs 1 through 40 herein by reference.

42. RBI admits that patents are presumed to be valid under 35 U.S.C. § 282, but denies that the '083 is valid under 35 U.S.C. §§ 101, 102, and 103. RBI denies any remaining allegations in Paragraph 42 of the Complaint.

43. RBI is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 43 of the Complaint, and on that basis, denies them.

44. RBI denies the allegations in Paragraph 44 of the Complaint.

45. RBI denies the allegations in Paragraph 45 of the Complaint.

46. RBI denies the allegations in Paragraph 46 of the Complaint.

47. RBI denies the allegations in Paragraph 47 of the Complaint.

48. RBI denies the allegations in Paragraph 48 of the Complaint.

**SECOND CAUSE OF ACTION**
**([Alleged] Indirect Infringement of the '083 Patent)**

49. RBI incorporates paragraphs 1 through 48 herein by reference.

50. RBI denies the allegations in Paragraph 50 of the Complaint.

51. RBI denies the allegations in Paragraph 51 of the Complaint.

52. RBI denies the allegations in Paragraph 52 of the Complaint.

53. RBI denies the allegations in Paragraph 53 of the Complaint.

54. RBI denies the allegations in Paragraph 54 of the Complaint.

55. RBI denies the allegations in Paragraph 55 of the Complaint.

56. RBI denies the allegations in Paragraph 56 of the Complaint.

## [PLAINTIFF'S] PRAYER FOR RELIEF

To the extent that a response is required to Plaintiff's prayer for relief, RBI denies that Plaintiff is entitled to any judgment against RBI and/or and order granting relief in any of the forms requested in parts (A)–(G).

## [PLAINTIFF'S] DEMAND FOR A JURY TRIAL

Plaintiff's Jury Demand does not contain any allegations and therefore does not require a response. To the extent a response is required, RBI denies those allegations.

## AFFIRMATIVE DEFENSES

RBI's Affirmative Defenses are listed below. RBI reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this action.

## FIRST AFFIRMATIVE DEFENSE

RBI has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the Patents-in-Suit.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '083 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest of the '083 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that RBI's actions allegedly infringe the '083 Patent, RBI is not liable

to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '083 Patent.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that RBI indirectly infringes, either by contributory infringement or inducement of infringement, RBI is not liable to Plaintiff for the acts alleged to have been performed before RBI knew that its actions would cause indirect infringement.

## FIFTH AFFIRMATIVE DEFENSE

The claims of the Patents-in-Suit are not entitled to a scope sufficient to encompass any system employed or process practiced by RBI.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that RBI makes, uses, or sells each claimed element of any asserted claim, or that RBI directs or controls another entity to make, use, or sell any element that is not made, used, or sold by RBI.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the '083 Patent does not claim patentable subject matter under 35 U.S.C. § 101.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any method or system employed by or process practiced by RBI includes: (1) "receiving at least one request of at least one service related to a restaurant menu from a mobile phone"; (2) "uploading, by a system of a restaurant, a bill for the at least one service to the mobile phone"; and; (3) "performing a self-checkout by a at least one customer whereby payment for the at least one service is submitted by the at least one customer via the mobile phone to the system"; and/or (4) "wherein the payment is submitted without interaction with staff associated with the restaurant," as required by at least Claim 1 of the '083 Patent.

**TENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff contends that it alleges a claim for willful infringement, Plaintiff has failed to state a claim upon which relief can be granted.

**RBI'S COUNTERCLAIMS**

For its counterclaims against Counterclaim Defendant Analytical Technologies, LLC ("AT"), Counterclaim Plaintiff Restaurant Brands International, Inc. ("RBI") alleges as follows:

1. Counterclaim Plaintiff RBI is a corporation organized and existing under the laws of Canada, with its principal place of business located at 130 King Street West, Suite 300, Toronto, Ontario, Canada.

2. Upon information and belief based solely on Paragraph 2 of the Complaint as pled by Plaintiff, Counterclaim Defendant AT is a limited liability company organized and existing under the laws of the State of Wyoming and maintains its principal place of business at 1712 Pioneer Ave Suite 500, Cheyenne, Wyoming 82001.

## JURISDICTION

3. RBI incorporates by reference Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. AT has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on AT's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I: DECLARATION REGARDING NON-INFRINGEMENT

7. RBI incorporates by reference Paragraphs 1–6 above.

8. Based on AT's filing of this action and at least RBI's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether RBI infringes U.S. Patent No. 8,799,083 (the "'083 Patent").

9. RBI does not infringe at least Claim 1 of the '083 Patent because, among other things, it does not make, use, or sell any method or system that includes: (1) "receiving at least one request of at least one service related to a restaurant menu from a mobile phone,"; (2) "uploading, by a system of a restaurant, a bill for the at least one service to the mobile phone;" and; (3) "performing a self-checkout by a at least one customer whereby payment for the at least one service is submitted by the at least one customer via the mobile phone to the system"; and/or (4) "wherein the payment is submitted without interaction with staff associated with the restaurant," as required by at least Claim 1 of the '083 Patent.

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., RBI requests a declaration by the Court that RBI has not infringed and does not infringe any claim of the '083 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II: DECLARATION REGARDING INVALIDITY

11. RBI incorporates by reference Paragraphs 1–10 above.

12. Based on AT's filing of this action and at least RBI's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '083 Patent.

13. The asserted claims of the '083 Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 9,129,319; 7,234,640; 5,969,968; 6,425,524; 6,741,969; and U.S. Patent Application Publication Nos. 2015/0039450 and 2004/0215517. RBI reserves the right to assert additional prior art and/or other invalidity defenses against the '083 Patent in accordance with the Court's Local Patent Rules.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., RBI requests a declaration by the Court that claims of the '083 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, RBI asks this Court to enter judgment in RBI's favor and against AT by granting the following relief:

a) a declaration that the '083 Patent is invalid;

      b)      a declaration that RBI does not infringe, under any theory, any valid claim of the '083 Patent that may be enforceable;

      c)      a declaration that AT take nothing by its Complaint;

      d)      judgment against AT and in favor of RBI;

      e)      dismissal of the Complaint with prejudice;

      f)      a finding that this action is an exceptional case under 35 U.S.C. § 285 and an award to RBI of its costs and attorneys' fees incurred in this action; and

      g)      further relief as the Court may deem just and proper.

## **JURY DEMAND**

RBI hereby demands trial by jury on all issues.

Dated: October 2, 2023 	Respectfully submitted,

*/s/ Ricardo J. Bonilla*
Neil J. McNabnay
Texas Bar No. 24002583
Ricardo J. Bonilla
Texas Bar No. 24082704
Noel F. Chakkalakal
Texas Bar No. 24053676
Sarika Patel
Texas Bar No. 24073520
Alexander H. Martin
Texas Bar No. 24091828
mcnabnay@fr.com
rbonilla@fr.com
chakkalakal@fr.com
patel@fr.com
martin@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

**ATTORNEYS FOR DEFENDANT RESTAURANT BRANDS INTERNATIONAL, INC.**

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy has been electronically filed using the CM/ECF filing system on October 2, 2023, which automatically sends email notifications to all counsel of record and which will permit viewing and downloading of same from the CM/ECF system.

                */s/ Ricardo J. Bonilla*
                Ricardo J. Bonilla